CHERYL H. WILSON, ESQ.
Nevada Bar No. 8312
VICTORIA L. HIGHTOWER, ESQ.
Nevada Bar No. 10897
IVIE McNEILL WYATT PURCELL & DIGGS
8485 W. Sunset Road, Suite 105
Las Vegas, NV 89113
(725) 677-4055 Telephone
(725) 239-4055 Facsimile
CWilson@imwlaw.com
VHightower@imwlaw.com

RODNEY S. DIGGS, ESQ. (*admitted pro hac vice*)
California Bar No. 274459
IVIE McNEILL WYATT PURCELL & DIGGS
444 S. Flower Street, Suite 3200
Los Angeles, CA 90071
(213) 489-0028 Telephone
RDiggs@imwlaw.com

*Attorneys for Plaintiff, Asia El-Nimeiri-Williams*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ASIA EL-NIMEIRI-WILLIAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER JUSTIN GARCIA, individually and in his official capacity as a police officer employed by the LVMPD; DOE OFFICER 1, individually and in his official capacity as a police officer employed by the LVMPD; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this action is brought to redress deprivations of constitutional rights protected by the Fourth Amendment and to the United States Constitution, and by 42 U.S.C. § 1983. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Defendants are believed to reside in this judicial district and all incidents, events, and occurrences giving rise to this action occurred in this judicial district.

**PARTIES**

3. Plaintiff ASIA A. EL-NIMEIRI-WILLIAMS (hereinafter "Plaintiff" or "MS. WILLIAMS") is an individual residing in the City of Los Angeles, County of Los Angeles, and State of California.

4. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter "Defendant LVMPD") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of Nevada.

5. Defendant JUSTIN GARCIA (hereinafter "Defendant GARCIA") is, and at all relevant times mentioned herein was, a resident of Clark County and/or the City of Las Vegas. Defendant GARICA is sued in his individual and official capacity.

6. Defendant DOE OFFICER 1 is, and at all times mentioned herein was, a resident of Clark County and/or the City of Las Vegas. Defendant DOE OFFICER 1 is used in his individual and official capacity.

7. On or about June 23, 2023, a timely notice was submitted to Defendant LVMPD, and to the Citizen Review Board. As of the date of the filing of this Complaint, said notice/tort has been deemed rejected by operation of law. Further, Nevada law states that a person who has a tort claim against a political subdivision of the State must file notice of the claim to the governing body of that subdivision within two years of the time the cause of action accrues. NRS § 41.036(2). NRS § 41.036(2) applies in this case because the LVMPD is a political subdivision of the State; thus, a tort

claim was submitted on May 10, 2023, to the Office of the Attorney General. On May 16, 2023, the Office of the Attorney General has rejected said claims.

8. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to her. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DOE Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

10. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. This Complaint arises out of an officer-involved incident that occurred on Saturday, October 15, 2022, at approximately 3:58 a.m., at the Zouk Night Club inside Resort World Las Vegas (hereinafter "Night Club"), located at 3000 S. Las Vegas Blvd., Las Vegas, Nevada 89109. At approximately 3:58 a.m., on that date, Plaintiff ASIA A. EL-NIMEIRI-WILLIAMS (hereinafter "Plaintiff" or "Ms. Williams"), a young African-American female, roughly 5 feet 4 inches tall and 125 pounds, was standing/walking on the premises of the Night Club when Defendant Officer JUSTIN GARCIA ("Officer GARCIA") and an unknown Defendant Officer ("DOE Officer 1"), while acting

under the color of state law and in the course and scope of their employment with the City of Las Vegas and the Las Vegas Metropolitan Police Department (hereinafter "Defendant LVMPD") negligently assessed the circumstances presented to them, and then violently confronted Ms. Williams without having probable cause or reasonable suspicion to believe the Ms. Williams committed a crime, or would commit a crime in the future.

12. On October 15, 2022, at approximately 3:58 a.m., Ms. Williams and her friends exited a concert that was held at the Night Club. Upon exiting the Night Club, Ms. Williams was momentarily separated from her friends as she, along with a crowd of concert goers, were attempting to exit Resort World. There were several Defendant LVMPD Officers directing the crowd to exit the building. Upon information and belief, as Defendant LVMPD Officers were directing the crowd to exit the building, Defendant LVMPD Officers found humor in assaulting [mainly] women by throwing them to the ground. Defendant LVMPD Officers would force and push the crowd to exit in one direction, but then would push them to go in the opposite direction and/or would not allow certain people to exit.

13. Without warning, Defendant GARCIA, who was stationed at the Convention Center Area Command at the Night Club, forcefully grabbed Ms. Williams by her neck and violently slammed her to the ground onto her back. While Ms. Williams was still on the ground in pain from hitting the back of her head and back, to add to her injury, Defendant GARCIA slammed a male victim on top of Ms. Williams. The male victim's leg forcefully struck Ms. Williams near her upper chest. While Ms. Williams was in the state of shock on the ground and in pain, her breast became exposed, which caused Ms. Williams further embarrassment. This incident was captured on video.

14. When Ms. Williams made another attempt to exit the Night Club, another unknown LVMPD Officer (hereinafter "DOE Officer 1") viciously hit Ms. Williams in her stomach, when Ms. Williams did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

15. Throughout the time in which the Defendants Officer GARCIA and DOE Officer 1 (collectively hereinafter "Defendant OFFICERS") were subjecting Ms. Williams to the unreasonable and excessive force by forcefully grabbing Ms. Williams by her neck, violently slamming Ms. Williams to the ground, and viciously hitting her in the stomach, Ms. Williams was not resisting or

fleeing from the involved Defendant OFFICERS, was not undertaking any actions which would have lead a reasonable police officer to believe that she was armed with any kind of weapon, or posed a threat to the safety of any person. Ms. Williams did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

16. Throughout the time in which the Defendant OFFICERS were subjecting Ms. Williams to the unreasonable and excessive force by forcefully grabbing Ms. Williams by her neck, violently slamming Ms. Williams to the ground, throwing another individual on top of her, and viciously hitting her in the stomach, Ms. Williams made no aggressive moments, furtive gestures, or physical movements which would suggest to a reasonable police officer that she was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Ms. Williams did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

17. Despite the aforementioned conduct, Defendant LVMPD disregarded Defendant OFFICERS, and Does 1-10's misconduct, and allowed Defendant OFFICERS, including DOES 1-10, to remain police officers with Defendant LVMPD and, which was a substantial and proximate cause of this incident and Ms. Williams' damages. Plaintiff is informed, believes, and thereon alleges, Defendant OFFICERS displayed and acted with racial animus against Ms. Williams in using unreasonable and excessive force against her in retaliation for and/or to prevent her from exercising her right to be free from unreasonable and excessive force.

**FIRST CAUSE OF ACTION**
**(Against the Defendants JUSTIN GARCIA and DOE OFFICER 1 for**
**Violations of Civil Rights [42 U.S.C. § 1983])**
**(Based on Unreasonable Use of Force)**

18. Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

19. This cause of action is set forth herein to redress the deprivation, under color of statue, ordinance, regulation, policy, custom, practice, and/or usage, of right, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of her person.

20. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant LVMPD employed the Defendant OFFICERS, including DOES 1 through 20, herein. Defendant LVMPD provided its individual employees and agents, including Defendant OFFICERS with official badges and identification cards that designated and described the bearers as employees of Defendant.

21. Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, Defendant DOE OFFICERS were employed by Defendant LVMPD, and were acting under color of state law and within the course and scope of their employment with Defendant LVMPD.

22. On October 15, 2022, at approximately 3:58 a.m., at the Zouk Night Club inside Resort World Las Vegas (hereinafter "Night Club"), located at 3000 S. Las Vegas Blvd., Las Vegas, Nevada 89109. At approximately 3:58 a.m., on that date, Ms. Williams, a young African-American female, roughly 5 feet 4 inches tall and 125 pounds, was standing/walking on the premises of the Night Club when Defendant GARCIA and Defendant DOE Officer 1 (hereinafter collectively "Defendant OFFICERS"), while acting under the color of state law and in the course and scope of their employment Defendant LVMPD negligently assessed the circumstances presented to them, and then violently confronted Ms. Williams without having probable cause or reasonable suspicion to believe the Ms. Williams committed a crime, or would commit a crime in the future.

23. On October 15, 2022, at approximately 3:58 a.m., Ms. Williams and her friends exited a concert that was held inside the Night Club. There were several Defendant LVMPD Officers directing the crowd to exit the building. Upon information and belief, as Defendant LVMPD Officers were directing the crowd to exit the building, Defendant LVMPD Officers found humor in assaulting [mainly] women by throwing them to the ground. Defendant LVMPD Officers would force and push the crowd to exit in one direction, but then would push them to go in the opposite direction and/or would not allow certain people to exit.

24. Without warning, as Ms. Williams was attempting to comply with the officers by exiting the event, Defendant GARCIA forcefully grabbed Ms. Williams by her neck and violently slammed her to the ground onto her back. While Ms. Williams was still on the ground in pain from hitting the

back of her head and back, to add to her injury, Defendant GARCIA slammed a male victim on top of Ms. Williams. The male victim's leg forcefully struck Ms. Williams near her upper chest. While Ms. Williams was in the state of shock and in pain on the ground, her breast became exposed, which caused Ms. Williams further embarrassment. This incident was captured on video.

25. When Ms. Williams made another attempt to exit the Night Club, Defendant Doe Officer 1 viciously hit Ms. Williams in her stomach, when Ms. Williams did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

26. Throughout the time in which the Defendant OFFICERS were subjecting MS. WILLIAMS to the unreasonable and excessive force when they assaulted and battered her, MS. WILLIAMS was not resisting or fleeing from the involved Defendant OFFICERS; MS. WILLIAMS was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of the Defendant OFFICERS, or any other person; and MS. WILLIAMS made no aggressive moments, furtive gestures, or physical movements which would suggest to a reasonable police officer that she was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Further, the involved Defendant OFFICERS were not faced with any circumstances which would have led a reasonable police officer to believe that MS. WILLIAMS posed a risk of injury to any person. MS. WILLIAMS did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

27. At all times mentioned herein, the Defendant OFFICERS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of Nevada and Defendants LVMPD and NEVADA. Defendant OFFICERS deprived MS. WILLIAMS of the rights, privileges, and/or immunities secured to her by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of her person.

28. Plaintiff had the right to be free from unreasonable governmental seizures of her person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct

of Defendant OFFICERS, which proximately caused Plaintiff to suffer severe injuries to her person, including her head and back.

29. Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing her person, as described in the foregoing paragraphs of this Complaint, Defendant OFFICERS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive MS. WILLIAMS of her constitutionally protected rights and privileges, and did in fact violate MS. WILLIAMS' constitutionally protected rights and privileges, thereby warranting punitive and exemplary damages against Defendant OFFICERS in an amount to be proven at trial.

30. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MS. WILLIAMS was placed in great fear for her life and physical wellbeing and has suffered and continues to suffer extreme and severe mental and physical anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

31. As a result of their misconduct, Defendant OFFICERS are liable for MS. WILLIAMS' injuries, either because they were integral participants in use of excessive force, or because they failed to intervene to prevent these violations.

32. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MS. WILLIAMS was required to employ, and did in fact employ, physicians to examine, treat, and care for her, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

33. Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

///

///

**SECOND CAUSE OF ACTION**
(Against Defendant LVMPD for Violations of Civil Rights
[42 U.S.C. § 1983])
(Based on Unconstitutional Policy, Practice, or Custom)

34. Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

35. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MS. WILLIAMS by the Fourth Amendment to the United States Constitution, including, but not limited to, MS. WILLIAMS' right to be free from unreasonable governmental seizures of her person.

36. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants LVMPD and the State of Nevada ("NEVADA") employed the individual Defendants named herein, including Defendant OFFICERS. Defendants LVMPD and NEVADA provided its individual employees and agents, including Defendant OFFICERS, with official badges and identification cards that designated and described the bearers as employees of Defendants LVMPD and NEVADA.

37. Plaintiff is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions alleged herein, Defendant OFFICERS were employed by Defendants LVMPD and NEVADA, and were acting under color of state law and within the course and scope of their employment with Defendants LVMPD and NEVADA.

38. As set forth in the foregoing paragraphs of this Complaint, Defendant OFFICERS, while acting under color of state law and within the course and scope of their employment with Defendants LVMPD and NEVADA, violated the Fourth Amendment rights of MS. WILLIAMS by acts which included, but were not limited to, using excessive and unreasonable force against MS. WILLIAMS. As described in this Complaint, the unreasonable and excessive force used against of MS. WILLIAMS was an unconstitutional display of an unreasonable seizure, and of the use of excessive force, which violated MS. WILLIAMS' Fourth Amendment right to be free from unreasonable governmental seizures of her person.

39. Plaintiff is informed, believes, and thereon alleges that Defendant OFFICERS' unreasonable and excessive force that used against MS. WILLIAMS, a woman who posed no immediate threat of death or serious bodily to Defendant OFFICERS nor to any other person, demonstrated that the training policies of Defendants LVMPD and NEVADA was not adequate to train LVMPD officers to handle the usual and recurring situations with which they must deal, as evidenced by the following specific acts and omissions of Defendant OFFICERS in their response to the incident that occurred on October 15, 2022:

    a. The tactical standard of care for law enforcement agencies similarly situated to the Las Vegas Metropolitan Police Department is for law enforcement officers/deputies employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to detain and/or arrest suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MS. WILLIAMS, they acted in flagrant contravention of this well-established standard of care.

    b. The tactical standard of care for law enforcement agencies similarly situated to the Las Vegas Metropolitan Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential detainees and/or arrestees prior to using deadly force. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MS. WILLIAMS, they acted in flagrant contravention of this well-established standard of care.

    c. The tactical standard of care for law enforcement agencies similarly situated to the Las Vegas Metropolitan Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using excessive force. Prior to and during the time in which Defendant

OFFICERS used unreasonable and excessive force against MS. WILLIAMS, they acted in flagrant contravention of this well-established standard of care.

d. The tactical standard of care for law enforcement agencies similarly situated to the Las Vegas Metropolitan Police Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MS. WILLIAMS, they acted in flagrant contravention of this well-established standard of care.

e. The tactical standard of care for law enforcement agencies similarly situated to the Las Vegas Metropolitan Police Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential detainee and/or arrestee prior to using excessive force. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MS. WILLIAMS, they acted in flagrant contravention of this well-established standard of care.

f. The tactical standard of care for law enforcement agencies similarly situated to the Las Vegas Metropolitan Police Department is for law enforcement officers employed by such agencies to attempt to control an incident by using time, distance, communication, and available resources in an effort to de-escalate the situation, reduce the intensity of the encounter, and enable the officers to have additional options to mitigate the need to use force. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MS. WILLIAMS, they acted in flagrant contravention of this well-established standard of care.

g. The tactical standard of care for law enforcement agencies similarly situated to Las Vegas Metropolitan Police Department is for law enforcement officers employed by

such agencies to fire in controlled bursts when using deadly force so as to avoid exposing persons and property to unnecessary fire. Prior to and during the time in which Defendant OFFICERS used unreasonable and excessive force against MS. WILLIAMS, they acted in flagrant contravention of this well-established standard of care.

40. Plaintiff is informed, believes, and thereon alleges that prior to October 15, 2022, Defendant OFFICERS received training and instruction in police tactics and procedures from Defendants LVMPD and NEVADA in ways which included, but were not limited to, their attendance at a police academy, their attendance at department briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their station(s) prior to their assigned shift(s), their receipt of departmental policy and training manuals, their receipt of departmental training bulletins, and their receipt of departmental correspondence, including electronic mail.

41. Plaintiff is informed, believes, and thereon alleges, that on and before October 15, 2022, encounters with persons like MS. WILLIAMS were common among LVMPD officers similarly situated to Defendant OFFICERS, and such encounters were a recurring situation faced by LVMPD officers similarly situated to Defendant OFFICERS.

42. Plaintiff is informed, believes, and thereon alleges that the persons responsible for training Defendant OFFICERS, including, but not limited to, their field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher-ranking officers, and authorized policymakers and decision makers within the Las Vegas Metropolitan Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to Defendant OFFICERS, and officers similarly situated to Defendant OFFICERS would be that persons who do not pose an immediate threat of death or serious bodily injury to the officers/deputies, or others, such as MS. WILLIAMS would suffer constitutional deprivations from the unreasonable and excessive use of force.

///

43. Plaintiff is informed, believes, and thereon alleges that notwithstanding the fact that the training personnel responsible for training Defendant OFFICERS knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to Defendant OFFICERS and officers similarly situated to Defendant OFFICERS would be that persons who do not pose an immediate threat of death or serious bodily to the officers or others, such as MS. WILLIAMS, would suffer constitutional deprivations from the unreasonable and excessive use of force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above-enumerated areas.

44. Plaintiff is informed, believes, and thereon alleges that Defendants LVMPD and NEVADA were deliberately indifferent to the obvious consequences of its failure to adequately train LVMPD officers, including Defendant OFFICERS.

45. Plaintiff is informed, believes, and thereon alleges that the failure of Defendants LVMPD and NEVADA training personnel responsible for training LVMPD officers, including Defendant OFFICERS, to provide adequate training to LVMPD officers, including Defendant OFFICERS, caused MS. WILLIAMS to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of force, and is so closely related to the deprivation of MS. WILLIAMS's Fourth Amendment rights as to be the moving force that caused the ultimate injury.

46. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant OFFICERS were "within policy."

47. On information and belief, Defendant OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MS. WILLIAMS' injuries.

48. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MS. WILLIAMS was severely injured on October 15, 2022, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a sum to be determined at trial.

49. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICERS, MS. WILLIAMS was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for her and incurred expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

50. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant OFFICERS acted with intentional, reckless, and callous disregard towards MS. WILLIAMS and his constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant OFFICERS were affirmatively linked to and were a significantly influential force behind the injuries of MS. WILLIAMS.

51. Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION
### (Against All DEFENDANTS for Assault)

52. Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

53. In doing the things herein alleged, Defendants intentionally, and without consent or legal justification, attempted to make a harmful and/or offensive physical contact with Plaintiff and thereby placed Plaintiff in fear of an imminent harmful or offensive conduct.

54. On October 15, 2022, at approximately 3:58 a.m., Ms. Williams and her friends exited a concert that was held inside the Night Club. There were several Defendant LVMPD Officers directing the crowd to exit the building. Upon information and belief, as Defendant LVMPD Officers were directing the crowd to exit the building, Defendant LVMPD Officers found humor in assaulting [mainly] women by throwing them to the ground. Defendant LVMPD Officers would push and force the crowd to exit in one direction, but then would push them to go in the opposite direction and/or would not allow certain people to exit.

55. Without warning, as Ms. Williams was attempting to comply with LVMPD officers and exit the event, Defendant GARCIA, forcefully grabbed Ms. Williams by her neck and violently

slammed her to the ground onto her back. While Ms. Williams was still on the ground in pain from hitting the back of her head and back, to add to her injury, Defendant GARCIA slammed a male victim on top of Ms. Williams. The male victim's leg forcefully struck Ms. Williams near her upper chest. While Ms. Williams was in the state of shock and in pain on the ground, her breast became exposed, which caused Ms. Williams further embarrassment.

56. After the unknown male who was thrown on top of her helped her off the ground, Ms. Williams made another attempt to exit the Night Club, but Defendant Doe Officer 1 viciously hit Ms. Williams in her stomach, when Ms. Williams did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

57. As a direct and proximate result of Defendants' conduct, Plaintiff was harmed.

58. Defendants LVMPD and NEVADA are vicariously liable for the acts and omissions of their employees, including Defendant OFFICERS, acting in the course and scope of their employment with the LVMPD, pursuant to NRS 41.032.

59. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive her of her rights, or their actions were despicable and carried out with a willful and conscious disregard for Plaintiff's rights and safety, entitling Plaintiff to punitive damages pursuant to NRS 42.005. No punitive damages are being sought against NEVADA.

**FOURTH CAUSE OF ACTION**
**(Against All DEFENDANTS for Battery)**

60. Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

61. In doing the things herein alleged, Defendants intentionally, and without consent or legal justification, touched Plaintiff in a harmful and offensive manner.

62. On October 15, 2022, at approximately 3:58 a.m., Ms. Williams and her friends exited a concert that was held inside the Night Club. There were several Defendant LVMPD Officers directing the crowd to exit the building. Upon information and belief, as Defendant LVMPD Officers were directing the crowd to exit the building, Defendant LVMPD Officers found humor in assaulting [mainly] women by throwing them to the ground. Defendant LVMPD Officers would push and force

the crowd to exit in one direction, but then would push them to go in the opposite direction and/or would not allow certain people to exit.

63. Without warning, as Ms. Williams was attempting to comply with LVMPD officers and exit the event, Defendant GARCIA, forcefully grabbed Ms. Williams by her neck and violently slammed her to the ground onto her back. While Ms. Williams was still on the ground in pain from hitting the back of her head and back, to add to her injury, Defendant GARCIA slammed a male victim on top of Ms. Williams. The male victim's leg forcefully struck Ms. Williams near her upper chest. While Ms. Williams was in the state of shock and in pain on the ground, her breast became exposed, which caused Ms. Williams further embarrassment.

64. After the unknown male who was thrown on top of her helped her off the ground, Ms. Williams made another attempt to exit the Night Club, but Defendant Doe Officer 1 viciously hit Ms. Williams in her stomach, when Ms. Williams did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

65. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

66. Defendants LVMPD, and NEVADA are vicariously liable for acts and omissions of its employees acting in the course and scope of their employment, pursuant to NRS 42.005.

67. The conduct of Defendant OFFICERS, including DOES 1 through 10, inclusive, was malicious and oppressive in that they intended to harm Plaintiff and to deprive her of her rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiff's rights and safety, entitling Plaintiff to punitive damages pursuant to NRS 42.005. No punitive damages are being sought against NEVADA.

**FIFTH CAUSE OF ACTION**
**(Against All DEFENDANTS for Negligence)**

68. Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

///

///

69. All claims asserted herein against the Defendant LVMPD is presented pursuant to the Defendants LVMPD's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment.

70. The Defendant OFFICERS, including DOES 1 through 10, inclusive, owed Plaintiff a duty of use reasonable care in connection with Plaintiff's interactions as described herein. Said defendants breached that duty of care when Defendant OFFICERS unlawfully and unjustifiably slammed MS. WILLIAMS onto the ground causing MS. WILLIAMS to hit her head and injure her back; throwing another individual on top of her; hitting Ms. WILLIAMS in her stomach; and causing MS. WILLIAMS' breast to be exposed on October 15, 2022. The Defendant OFFICERS' breach of duty caused MS. WILLIAMS physical injuries, including but not limited to emotional and mental injuries.

71. Throughout the time in which the Defendant OFFICERS were subjecting MS. WILLIAMS to the unreasonable and excessive force, MS. WILLIAMS was not resisting or fleeing from the involved Defendant OFFICERS; MS. WILLIAMS was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of the Defendant OFFICERS; MS. WILLIAMS made no aggressive moments, furtive gestures, or physical movements which would suggest to a reasonable police officer that she was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual; and the involved Defendant OFFICERS were not faced with any circumstances which would have led a reasonable police officer to believe that MS. WILLIAMS posed a risk of injury to any person. MS. WILLIAMS did nothing to justify the force used against her, and the same was excessive, unnecessary, and unlawful.

72. Plaintiff is informed, believes, and thereon alleges, that on and before October 15, 2022, Defendant OFFICERS had a duty to exercise the reasonable and ordinary care that would be expected of similarly situated law enforcement officers in the use of force, and in the use of physical assault, and had a duty to exercise the reasonable and ordinary care that would be expected of similarly situated law enforcement officers in the execution of police tactics and police procedures in approaching, arresting, attempting to detain, and/or search for unarmed, non-dangerous civilians and suspects. Notwithstanding each of these duties, the Defendant OFFICERS failed to exercise reasonable

and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize force options and other alternatives less intrusive than the force employed during their interaction with Plaintiff; negligently employing a tactical response to the situation involving Plaintiff that resulted in the infliction of unnecessary and preventable injury to Plaintiff; negligently failing to determine the fact that Plaintiff posed no threat to the safety of any person prior to and during the course of the events alleged herein; negligently inflicting physical injury upon Plaintiff, as described herein; negligently employing force against Plaintiff when the same was unnecessary and unlawful; negligently slamming Plaintiff onto the ground when the same was unnecessary and unlawful; negligently throwing another individual on top of Plaintiff; and negligently hitting Plaintiff in her stomach. All of these negligent acts proximately caused Plaintiff's injuries, which include, but are not limited to back, head and neck pains, including emotional and mental injuries.

73.  As a direct and proximate result of the above-described negligent acts and omissions of the Defendants, and each of them, Plaintiff was placed in great fear for her life and physical well-being and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to her damage in a sum to be determined at trial.

74.  As a further proximate result of the above-described negligent acts and omissions of the Defendants, and each of them, Plaintiff has been required to employ, and did in fact employ, physicians to examine, treat, and care for her, and has incurred and continues to incur expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in a amount according to proof at trial.

75.  Plaintiff also seeks attorney fees under this claim pursuant to California Code of Civil Procedure §1021.5.

### SIXTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (Against All Defendants)

76.  Plaintiff incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

77. The above acts and omissions of DEFENDANTS were done with knowledge that MS. WILLIAMS was particularly susceptible to mental and emotional distress by virtue of MS. WILLIAMS's age, race, gender, and vulnerability.

78. DEFENDANTS were officers who were acting in the course and scope of their employment and on behalf of Defendant LVMPD and NEVADA with all requisite authority conferred upon them by Defendant LVMPD and NEVADA.

79. DEFENDANTS knew or had reason to know that their aforementioned unprivileged acts and omissions would cause MS. WILLIAMS severe and ongoing mental and emotional distress. The above-mentioned acts were committed by DEFENDANTS were extreme and outrageous with willful intention and/or reckless disregard that MS. WILLIAMS or the probability that MS. WILLIAMS would suffer severe emotional and mental distress as a result knowing that MS. WILLIAMS was present when the conduct occurred.

80. By virtue of DEFENDANTS' positions and employment, Defendants LVMPD knew of or reasonably should have known of, authorized, adopted, approved and/or ratified DEFENDANTS' wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred. Plaintiff is informed and believes and thereon alleges that the aforementioned acts and omissions of DEFENDANTS was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of MS. WILLIAMS's rights thereby justifying the award of punitive damages against DEFENDANTS and each of them.

81. DEFENDANTS knew or should have known that severe emotional distress would result from their conduct; or DEFENDANTS gave little or no thought to the probable effects of their conduct.

82. As police officers/sheriff's deputies, Defendants abused a position of authority or a relationship that gave DEFENDANTS real or apparent power to affect MS. WILLIAMS's interests.

83. As a direct and proximate result of the DEFENDANTS' actions, MS. WILLIAMS suffered and continues to suffer severe mental and emotional distress, thereby justifying an award of compensatory, special and punitive damages in an amount to be proven at trial.

84.  DEFENDANTS aforementioned conduct as a substantial factor in causing PLAINTIFF's severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, and general and special damages, in an amount according to proof at trial;
2. For statutory damages;
3. For loss of wages and earning capacity;
4. For costs of suit incurred herein;
5. For attorney's fees incurred herein, as provided by law;
6. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
7. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that the above-entitled matter be heard in front of a jury at the time of Trial.

DATED this 11th day of October, 2024.

IVIE McNEILL WYATT PURCELL & DIGGS

_____
CHERYL H. WILSON, ESQ.
Nevada Bar No. 8312
8485 W. Sunset Road, Suite 105, Las Vegas, NV 89113
T: (725) 677-4055
Email: CWilson@imwlaw.com

RODNEY S. DIGGS, ESQ. (*admitted pro hac vice*)
California Bar No. 274459
IVIE McNEILL WYATT PURCELL & DIGGS
444 S. Flower Street, Suite 3200, Los Angeles, CA 90071
T: (213) 489-0028
Email: RDiggs@imwlaw.com

*Attorneys for Plaintiff, Asia El-Nimeiri-Williams*