**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASIA EL-NIMEIRI-WILLIAMS,

Plaintiff

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

Defendants

Case No.: 2:24-cv-01906-APG-EJY

**Order (1) Denying Request to Reopen Discovery and (2) Setting Deadline for Proposed Joint Pretrial Order**

I previously ordered plaintiff Asia El-Nimeiri-Williams to show cause why her claims against Doe Officer 1 should not be dismissed because discovery closed without her identifying him. ECF No. 26 at 14. Williams responded by requesting leave to reopen discovery to determine his identity and then to substitute him as a named defendant. Williams asserts that the failure to ascertain Doe Officer 1's identity during discovery was due to an oversight by an attorney who is no longer associated with the firm that represents her. She asserts that upon obtaining the officer's identity she "will promptly take whatever procedural action the Court directs or permits concerning substitution of the officer's true name and amendment of the pleadings." ECF No. 27 at 4.

The defendants oppose this request. They argue that Williams cannot show good cause to modify the scheduling order because she was not diligent in discovering the officer's identity during discovery, even though the defendants provided the names of every officer who responded to the incident, along with related documentation and body camera footage. They also note that they pointed out in their summary judgment motion that Williams admitted Officer Garcia is not the one who punched her, yet Williams did not address the Doe Officer 1 issue in her summary judgment response brief. Additionally, they argue that amending to name the

officer as a defendant would be futile because the statute of limitations has expired and Williams cannot satisfy the relation back requirements under Federal Rule of Civil Procedure 15(c)(1)(C).

Once a scheduling order issued under Rule 16 establishes deadlines for conducting discovery and amending pleadings, Rule 16's standards govern requests to modify those deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The scheduling order's discovery and amendment deadlines in this case have long since passed. *See* ECF No. 19 at 2, 4.

Where, as here, a party seeks to amend after expiration of the deadline for amending the pleadings, the moving party first must satisfy Rule 16's stringent "good cause" standard. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson*, 975 F.2d at 607-08. Rule 16(b)'s "good cause" standard centers on the moving party's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson*, 975 F.2d at 609. The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action. *See United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007); *Royal Ins. Co. of Am. v. S.W. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) ("Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (quotation omitted).

Although Rule 16 does not require a showing of prejudice, I may consider whether the party opposing amendment would be prejudiced. *Coleman*, 232 F.3d at 1295. Prejudice has been found where the plaintiff moved to amend late in the proceedings, thereby requiring the defendant to go "through the time and expense of continued litigation on a new theory, with the

possibility of additional discovery." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quotation omitted). Whether to modify the scheduling order's amendment deadline lies within my discretion. *Dang*, 488 F.3d at 1142-43.

I deny Williams' request because she has not been diligent. She knew from the outset of the litigation that she would need to identify Doe Officer 1, amend the complaint to substitute his name, and serve him. *See* ECF No. 1 at 1, 4 (alleging that "another unknown LVMPD Officer (hereinafter 'DOE Officer 1') viciously hit Ms. Williams in her stomach"). She apparently undertook no efforts during discovery to identify him. Williams also did not request to reopen discovery or amend her complaint in response to the defendants' summary judgment motion that pointed out that Garcia was not the one who punched her in the stomach. *See* ECF Nos. 21 at 4, 12, 19, 23; 23 at 6, 15 (acknowledging that another "unidentified" police officer hit her in the stomach). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Williams' lack of diligence ends the inquiry. *Id.*

I THEREFORE ORDER that plaintiff Asia El-Nimeiri-Williams' request to reopen discovery and permit her to later move to amend to substitute a named defendant for Doe Officer 1 is denied.

I FURTHER ORDER that the proposed joint pretrial order is due November 3, 2026.

DATED this 2nd day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE